FILED

2023 Dec-19  PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **KENNEDY MINNIFIELD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:23-cv-986-AMM-JHE** |
| | ) | |
| **WARDEN CRABTREE, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

Petitioner Kennedy Minnifield filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1986 convictions and sentences for attempted murder and robbery. Doc. 17. On November 28, 2023, the magistrate judge entered a report recommending dismissal of the amended petition based on the court's lack of jurisdiction. Doc. 23. Specifically, the magistrate judge concluded that under 28 U.S.C. § 2244(b)(3)(A), the court's dismissal of Mr. Minnifield's prior petition deprives the court of jurisdiction to consider Mr. Minnifield's second or successive petition absent authorization from the Eleventh Circuit Court of Appeals. Doc. 23. Mr. Minnifield filed timely objections to the magistrate judge's report and recommendation. Doc. 24.

In his objections, Mr. Minnifield does not dispute that he filed a prior petition challenging his 1986 convictions and sentences and this court dismissed the petition

based on procedural default and lack of merit. *See* Doc. 24. Rather, Mr. Minnifield maintains that his 1986 convictions and sentences violate his Fourteenth Amendment rights to due process and equal protection. *Id.* at 1–4. But Mr. Minnifield does not address the magistrate judge's conclusion that based on the court's dismissal of his prior petition, the court cannot consider a second or successive petition without prior authorization from the Eleventh Circuit. *See In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016).

Mr. Minnifield's prior petition, and the subsequent dismissal of that petition on the merits, renders the present petition successive. *See Young v. Sec'y, Fla. Dep't of Corrs.*, 697 F. App'x 660, 661–62 (11th Cir. 2017) (interpreting denial of a petition based on procedurally defaulted claims as an adjudication on the merits). Mr. Minnifield does not allege he sought or obtained the required authorization from the Eleventh Circuit to file a successive petition. Accordingly, this court does not have jurisdiction to consider the successive petition under 28 U.S.C. § 2244(b)(3)(A).

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the amended petition for a writ of habeas corpus, Doc. 17, is due to be dismissed based on the court's lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A).

2

**DONE** and **ORDERED** this 19th day of December, 2023.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE